**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Darrell Antoine SLADE, Defendant–**
**Appellant.**

No. 12–4117.

United States Court of Appeals,
Fourth Circuit.

Submitted: Aug. 22, 2012.

Decided: Aug. 24, 2012.

Louis C. Allen III, Federal Public Defender, Gregory Davis, Senior Litigator, Winston–Salem, North Carolina, for Appellant. Michael A. DeFranco, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Before WILKINSON, GREGORY, and DIAZ, Circuit Judges.

Affirmed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darrell Antoine Slade appeals his conviction and 210–month sentence following a plea of guilty to one count of carrying and using a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (2006). In accordance with *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), Slade's counsel has filed a brief certifying that there are no meritorious issues for appeal but questioning whether Slade's prior convictions properly qualified him for sentencing as a career offender. Slade's supplemental pro se brief also challenges his career offender classification. Having fully reviewed the record, we affirm.

First, the district court fully complied with Fed.R.Crim.P. 11 when accepting Slade's plea. Our review of the record convinces us that Slade's plea was knowing and voluntary and supported by a sufficient factual basis. *See United States v. DeFusco,* 949 F.2d 114, 116, 119–20 (4th Cir.1991). Therefore we discern no error

in the district court's acceptance of Slade's guilty plea.

Considering Slade's sentence, we review for reasonableness, using an abuse of discretion standard. *Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error. *United States v. Evans,* 526 F.3d 155, 161 (4th Cir.2008). Procedural errors include improperly calculating the Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, sentencing on clearly erroneous facts, "or failing to adequately explain the chosen sentence— including an explanation for any deviation from the Guidelines range." *Gall,* 552 U.S. at 51, 128 S.Ct. 586. Only if we find a sentence procedurally reasonable can we consider substantive reasonableness. *United States v. Carter,* 564 F.3d 325, 328 (4th Cir.2009).

As counsel notes, the district court did not err in concluding that Slade qualified as a career offender pursuant to *U.S. Sentencing Guidelines Manual* ("USSG") § 4B1.1(a) (2010). Under our decision in *United States v. Simmons,* 649 F.3d 237 (4th Cir.2011) (en banc), Slade's prior North Carolina convictions were properly considered felonies for the purposes of USSG § 4B1.1(a). *Id.* at 240–46. Because Slade's sentence was otherwise procedurally and substantively reasonable, we find no error in its imposition.

In accordance with *Anders,* we have reviewed the record and have found no meritorious issues for appeal. We therefore affirm Slade's conviction and sentence. This court requires that counsel inform Slade, in writing, of his right to petition the Supreme Court of the United States for further review. If Slade requests that a petition be filed, but counsel believes that such a petition would be frivolous,

counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Slade. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED.*